PETERSON, Judge.
Glenn Gay Albright appeals an amended order reinstating probation. We vacate that order.
Albright was serving a I2V2 year term of probation for committing a lewd and lascivious act upon a child when he was charged with another act that was in violation of the terms of his probation. A hearing was held before a county judge temporarily appointed to handle circuit court matters for Judge John W. Watson, III, who was presiding over a capital case. The charged violation was resolved in favor of Albright *1172 after the State’s evidence failed to establish that the terms of probation were violated. The temporarily-assigned judge entered an order reinstating probation with the same visitation terms that existed before the alleged violation. The exception was that a counsellor was to be substituted for the one earlier assigned, because the judge found that the latter was unavailable and unresponsive.
Almost two months passed after the order of reinstatement was entered when, apparently in the absence of any further hearings, Judge Watson entered an amended order which modified the terms of probation by placing more stringent visitation restrictions and reassigning the original counsellor. It is from this order that Al-bright appeals.
The State concedes that it is improper to modify conditions of probation without a hearing and the record of the proceedings does not reflect that Albright was given a hearing prior to Judge Watson’s amendment of the order.
The essence of due process is that fair notice and a reasonable opportunity to be heard must be given to interested parties before judgment is rendered.... Due process envisions a law that hears before it condemns, proceeds upon inquiry, and renders judgment only after proper consideration of issues advanced by adversarial parties.
Scull v. State, 569 So.2d 1251, 1252 (Fla.1990) [citations omitted].
The Amended Order Reinstating Probation dated May 4, 1992 is vacated.
ORDER VACATED.
DAUKSCH and COBB, JJ., concur.